In a colloquium relative to a trial before a magistrate of a State's warrant against the defendant and two others, when and where the defendant had been sworn and examined as a witness, the defendant said "That Rineheardt (the plaintiff) had sworn (405) falsely." These words were in law to have that sense and meaning placed upon them by the court and jury that the bystanders affixed to them. The hearers of the said words spoken could not, from the subject-matter of the conversation, understand the defendant to mean anything else than that the plaintiff had committed perjury in his evidence on that trial. The words, spoken under the circumstances they *Page 282 
were, were actionable of themselves, for they, in effect, charged the plaintiff with having committed willful and corrupt perjury.
Secondly. The defendant offered the affidavit of Dowdle to show to the court that the jury had misbehaved themselves in the manner of making up their verdict; and on this affidavit he moved that the verdict should be set aside and a new trial granted. The case sent up here only states, "that the court refused the motion." We do not know upon what ground the judge refused the motion; it may have been because he did not believe Dowdle. The defendant did not pray the court to give the reason for rejecting the motion; and, as we cannot see that it was in fact overruled against law, we cannot say that there was any error in the judgment of the judge upon this part of the case. We have often stated that this Court cannot act upon affidavits offered in the court below. It is the province of that court exclusively to determine the facts, and we can only review so much of the judgment as involves matters of law, strictly.
PER CURIAM. No error.
Cited! S. v. Smallwood, 78 N.C. 562; S. v. Best, 111 N.C. 643; S. v.DeGraff, 113 N.C. 696.
(406)